UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
MONIQUE MICELI

                                    Plaintiff,                      Case No: CV 12-2485

vs.                                                                      AMENDED
                                                                                COMPLAINT

JAM REALTY COMPANY, LLC, a Domestic Limited
Liability Company, PAPA JOHN'S USA, INC., a
Foreign Business Corporation and LLOYD FOOD, INC
a Domestic Business Corporation

                                    Defendants,
----------------------------------------------------------------------X

       Plaintiff, MONIQUE MICELI, (hereinafter the "Plaintiff"), through her undersigned counsel, hereby files this complaint and sues JAM REALTY COMPANY, LLC, a Domestic Limited Liability Company, PAPA JOHN'S USA, INC., a Foreign Business Corporation, and LLOYD FOOD, INC. a Domestic Business Corporation (hereinafter, collectively, referred to as the "Defendants"), for injunctive relief, attorney's fees and costs (including, but not limited to, court costs and expert fees) pursuant to 42 U.S.C. § 12181, et seq., of the AMERICANS WITH DISABILITIES ACT ("ADA") and the NEW YORK STATE HUMAN RIGHTS LAW ("NYSHRL") and alleges:

## JURISDICTION AND PARTIES

1.     This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181, et. seq., (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. § 1331 and § 343.

2.     Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(B) in that all events giving rise to this lawsuit occurred in New York.

3.     The remedies provided by the New York State Human Rights Law Against Discrimination are not exclusive and state administrative remedies need not be exhausted in connection with suits brought under the Federal Civil Rights Act.

4.     At the time of Plaintiff's visits to Defendant's restaurant, the Papa John's restaurant, located at 1267 Forest Avenue, Staten Island, New York 10302, within one year prior to instituting the instant action, MONIQUE MICELI, (hereinafter referred to as "Plaintiff") was and continues to be, at all relevant times referenced herein, a resident of the State of New York, suffered from what constitutes a "qualified disability" under the Americans With Disabilities Act of 1990, as she suffers from spina bifida and requires the use of a wheelchair for mobility. The Plaintiff personally visited Defendants' property, but was denied full and equal access to, and full and equal enjoyment of, the facilities at Defendants' Property, which is the subject of this lawsuit. The Plaintiff has occasions to travel in and around the area of Defendants' Property. Plaintiff also enjoys traveling and being independent and going to different public accommodations as a patron. Plaintiff has attempted to enjoy full and equal access to Defendants' property, but continues to be denied full and equal access to the facility. Moreover, Plaintiff intends to enter Defendants' property again in the near future to enjoy the goods and services offered at Defendants' property.

5.     The Defendants JAM REALTY COMPANY LLC, PAPA JOHN'S USA, INC., and LLOYD FOODS INC., are authorized to conduct, and are conducting business within the State of New York. Upon information and belief, the Defendant JAM REALTY COMPANY LLC, is the owner, lessor and/or operator of the real property (hereinafter and heretofore referred to collectively as "Defendants' Property"), and the owner of the improvements where the Subject Facility is located which is the subject of this action, the facility commonly referred to as the

Papa John's restaurant, Defendants' Property located at 1267 Forest Avenue, Staten Island, New York (hereinafter and heretofore collectively referred to as "Defendants' Property"), which also maintains and controls the Subject Facility. Upon information and belief, Defendant LLOYD FOODS INC. is the lessee and/or operator(s) of the real property (hereinafter and heretofore referred to collectively as "Defendants' Property), and the owner(s) of the improvements where the Subject Facility is located which is the subject of this action, the facility commonly referred to as the Papa John's restaurant, Defendant's Property located at 1267 Forest Avenue, Staten Island, New York (hereinafter and heretofore collectively referred to as "Defendants' Property), which also maintains and controls the Subject Facility. Upon information, the Defendant, PAPA JOHN'S USA, INC. is the franchisor of the Papa John's restaurant which is the subject of this case and controlled the design and construction of the subject restaurant.

6.      All events giving rise to this lawsuit occurred in the City of New York, State of New York. Venue is proper in this Court as the premises is located in the State of New York.

## COUNT 1- VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

7.      On or about July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 et. seq., Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. § 12181; 20 C.F.R. § 36.508(a).

8.      Congress found, among other things, that:

   (i)    some 43,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;

   (ii)   historically, society has tended to isolate and segregate individual with disabilities, and, despite some improvements, such forms of discrimination against

      disabled individuals continue to be a pervasive social problem, requiring serious attention;

      (iii)    discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalizations, health services, voting and access to public services and public facilities;

      (iv)    individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices. Exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and,

      (v)    the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1)-(3), (5) and (9).

9.    Congress explicitly stated that the purpose of the ADA was to:

      (i)    provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

      (ii)    provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

      (iii)    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily basis by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

10.    Pursuant to 42 U.S.C. § 12181(7) and 28 C.F.R. § 36.104, Defendants' Property, the Papa John's restaurant, is a place of public accommodation in that it is an establishment which provides goods, facilities and services to the public.

11.    Pursuant to 42 U.S.C. § 12181(7) and 28 C.F.R. § 36.104, the building and/or Subject Facility which is the subject of this action is a public accommodation covered by the ADA and

which must be in compliance therewith.

12. The plaintiff is informed and believes, and therefore alleges, that the Subject Facility has begun operations and/or undergone substantial remodeling, repairs and/or alterations since January 26, 1990.

13. Defendants have discriminated, and continue to discriminate, against the Plaintiff, and others who are similarly situated, by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at Defendants' Property, in derogation of 42 U.S.C. § 12101 et seq., and as prohibited by 42 U.S.C. § 12181 et. seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

14. The Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at Defendants' Property. Within one year prior to the filing of this lawsuit, Plaintiff personally visited Defendants' Property, but was denied full access and was unable to gain entry into the entire facility, and therefore suffered an injury in fact. In addition, Plaintiff continues to desire to visit the Subject Property in the near future to enjoy full and equal access to all of the goods and services offered at the subject facility, but continues to be injured in that she is unable to and continues to be discriminated against due to the architectural barriers which remain at Subject Property, all in violation of the ADA, and the New York State Human Rights Law. Plaintiff enjoys traveling in and around the area where Defendant's Property is located. Plaintiff also intends to visit the subject property in the future to ensure defendants compliance with the ADA.

15. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the

requirements of the ADA, known as the Americans with Disabilities Act Accessibilities Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $55,000.00 for the first violation and $110,000.00 for any subsequent violation.

16. The Defendants' Subject Facility is in violation of 42 U.S.C. § 12181 et seq., the ADA and 28 C.F.R. § 36.302 et seq., and is discriminating against the Plaintiff as a result of inter alia, the following specific violations:

(i) Failure to provide an accessible entrance, due to a step on the path to said entrance, and the failure to install a ramp with appropriate sloping and signage, and/or otherwise provide an accessible and properly designated entrance, as required by 28 C.F.R. Part 36. This step represents an insurmountable barrier to independent entry by the Plaintiff and other individuals who use wheelchairs.

(ii) There is no handicapped designated seating with the requisite height and knee clearance, in violation of 28 C.F.R. Part 36, including, but not limited to, Sections 4.1.3, 4.32 and 5.1.

(iii) The order counter is at an inaccessible height in violation of 28 C.F.R. Part 36.

.
(iv) Failure to provide adequate ADA complaint directional signage throughout the Subject Facility as required by 28 C.F.R. part 36, including, but not limited to Sections 4.1 and 4.30.

(v) Failure to provide signage addressing people with disabilities telling them that accessible services are provided as required by 28 C.F.R. part 36, including, but not limited to Section 4.30.

(vi) Failure to designate the requisite amount of handicap parking in the parking lot in

violation of 28 C.F.R. Part 36.

17. Upon information and belief, there are other current violations of the ADA at Defendant's Property, and only once a full inspection is done can all said violations be identified.

18. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA. Moreover, the Defendant PAPA JOHN'S INC., failed to ensure that the subject restaurant was designed and constructed, to the maximum extent feasible, readily accessible to individuals with disabilities, in particular, individuals who use wheelchairs.

19. Pursuant to the ADA, 42 U.S.C. 12101 et seq., and 28 C.F.R. § 36.304, the Defendants were required to make the Subject Facility, a place of public accommodation, accessible to persons with disabilities since January 28, 1992. To date, the Defendants have failed to comply with this mandate.

20. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the subject facility to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

**COUNT II-VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW**

21. The Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 20 as if set forth in their entirety here.

22. The New York City Human Rights Law provides:

(a) it shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation because of the actual or perceived … disability … of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof … to the effect that any of the accommodations, advantages, facilities and privileges of any such place or provider shall be refused, withheld from or denied to any person on account of … disability …

NYC Admin. Code § 8-107(4)(a).

23. Defendants JAM REALTY COMPANY LLC, PAPA JOHN'S USA, INC and LLOYD FOOD, INC., are in violation of the New York City Human Rights Law by denying the Plaintiff full and safe access to all of the benefits, accommodations and services of the Subject Facility.

**COUNT III-VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW**

24. The Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 23 as if set forth in their entirety here.

25. The New York State Human Rights Law provides:

(a) It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation … because of the … disability … of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof … to the effect that any of the accommodations, advantages, facilities and privileges of any such place shall be refused, withheld from or denied to any person on account of … disability …

NYS Exec. Law § 296 (2)(a).

26. Defendant's Property is a place of public accommodation as defined in the New York State Human Rights Law.

27. The Defendants have further violated the New York State Human Rights Law by being in violation of the rights under the ADA.

28. JAM REALTY COMPANY LLC, PAPA JOHN'S USA, INC, and LLOYD FOOD INC.,

are in violation of the New York State Human Rights Law by denying the Plaintiff full and safe access to all of the benefits, accommodations and services of the subject facility.

### ATTORNEY'S FEES AND COSTS

29. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have her reasonable attorneys' fees, costs and expenses paid by the Defendants, pursuant to the ADA and the New York City Human Rights Law.

30. Plaintiff prays for judgment pursuant to N.Y. Exec. Law § 297, including compensatory damages contemplated by § 297 (9).

### DAMAGES

31. The Plaintiff demands five hundred dollars ($500.00) in compensatory damages based on the Defendant's violation of the New York City Human Rights Law and the New York State Human Rights Law.

### INJUNCTIVE RELIEF

32. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, the New York City Human Rights Law, and the New York State Human Rights Law and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff hereby demands judgment against the Defendants and requests the following injunctive and declaratory relief:

A. The Court declares that the subject property and the Subject Facility owned, operated, leased, controlled and/or administered by the Defendants are violative of the ADA and of the NYSHRL;

B. The Court enter an Order requiring the Defendants to alter their facilities and amenities to make them accessible to and useable by individuals with disabilities to the full extent required by the Title III of the ADA and by NYSHRL;

C. The Court enter an Order directing the Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendants to undertake and complete corrective procedures to the Subject Facility;

D. The Court award reasonable attorney's fees, all costs (including, but not limited to court costs and expert fees) and other expenses of suit, to the Plaintiff; and

E. The Court award such other and further relief as it deems necessary, just and proper.

Dated this 6th day of July, 2012

Respectfully submitted,

/s/
Christopher Robles (CR6222)
Attorney for the Plaintiff
471 54th Street
Brooklyn, NY 11220
Telephone: (718) 492-3600
Fax :      (718) 492-3008
Email: Detect2112@yahoo.com