UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MONIQUE MICELI,<br><br>        Plaintiff,<br><br>v.<br><br>JAM REALTY COMPANY, LLC AND PAPA JOHN'S USA, INC.,<br><br>        Defendants. | Civil Action No. 1:12-CV-2485 (WFK)(MDG)<br><br>**ANSWER, SEPARATE DEFENSES, AND CROSS CLAIMS OF PAPA JOHN'S USA, INC.** |

Defendant Papa John's, USA, Inc. ("Papa John's"), by and through its counsel, Fisher & Phillips LLP, by way of Answer to Plaintiff's Amended Complaint hereby states as follows:

### AS TO "JURISDICTION AND PARTIES"

1. Except to admit that Plaintiff has brought suit under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. 12181, *et seq*., Papa John's states that Paragraph 1 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent Paragraph 1 contains any express or implicit allegations of wrongdoing, Papa John's denies all such allegations.

2. Papa John's states that Paragraph 2 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent Paragraph 2 contains any express or implicit allegations of wrongdoing, Papa John's denies all such allegations.

3. Except to admit that Plaintiff has brought suit under the New York State Human Rights Law Against Discrimination, Papa John's states that Paragraph 3 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Papa John's denies the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. Except to admit that a Papa John's brand restaurant is located at 1267 Forest Avenue, Staten Island, NY 10302, and to state that plaintiff's allegation that she suffers from a "qualified disability" under the ADA is a legal conclusion to which no response is required, Papa John's states that it lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations of Paragraph 4 of Plaintiff's Complaint and, therefore, denies all such allegations.

5. Except to admit that Papa John's is authorized to conduct business in the State of New York and that it is the franchisor of the Papa John's brand restaurant located at 1267 Forest Avenue, Staten Island, NY 10302 and that Lloyd Food, Inc. is the lessee and operator of the Papa John's brand restaurant located at 1267 Forest Avenue, Staten Island, NY 10302 and to state that Papa John's lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations that Defendant Jam Realty Company, LLC is the owner, lessor, and/or operator of the real property located at 1267 Forest Avenue, Staten Island, NY 10302 which contains a Papa John's brand restaurant or that Jam Realty Company, LLC or Lloyd Food, Inc is authorized to conduct business in the State of New York, Papa John's denies the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Papa John's states that Paragraph 6 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Papa John's denies Paragraph 6 to the extent that it contains any express or implicit allegations of wrongdoing.

## AS TO COUNT 1
## "VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT"

7. Papa John's states that Paragraph 7 of Plaintiff's Complaint consists of legal conclusions to which no response is required. To the extent a response is required, Papa John's denies each and every allegation contained therein, except to refer to the statutory language referenced therein which speaks for itself.

8. Papa John's states that Paragraph 8 of Plaintiff's Complaint consists of legal conclusions to which no response is required. To the extent a response is required, Papa John's denies each and every allegation contained therein, except to refer to the statutory language referenced therein which speaks for itself.

9. Papa John's states that Paragraph 9 of Plaintiff's Complaint consists of legal conclusions to which no response is required. To the extent a response is required, Papa John's denies each and every allegation contained therein, except to refer to the statutory language referenced therein which speaks for itself.

10. Papa John's states that Paragraph 10 of Plaintiff's Complaint consists of legal conclusions to which no response is required. To the extent a response is required, Papa John's admits that goods and services to the public are provided at the subject property and except as so admitted denies the allegations contained therein, except to refer to the statutory language referenced therein which speaks for itself.

11. Papa John's states that Paragraph 11 of Plaintiff's Complaint consists of legal conclusions to which no response is required. To the extent a response is required, Papa John's denies each and every allegation contained therein, except to refer to the statutory language referenced therein which speaks for itself.

12. Except to admit that the Papa John's brand restaurant located at 1267 Forest Avenue, Staten Island, NY 10302 began operations after January 26, 1990, Papa John's denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Papa John's denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. Papa John's states that it lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in Paragraph 14 of Plaintiff's Complaint and, therefore, denies all such allegations. To the extent Paragraph 14 contains any express or implicit allegations of wrongdoing, Papa John's denies all such allegations.

15. Papa John's states that Paragraph 15 of Plaintiff's Complaint consists of legal conclusions to which no response is required. To the extent a response is required, Papa John's denies each and every allegation contained therein, except to refer to the statutory language referenced therein which speaks for itself.

16. Papa John's states that Paragraph 16 of Plaintiff's Complaint consists of legal conclusions to which no response is required. To the extent a response is required, Papa John's denies the allegations contained in Paragraph 16.

17. Papa John's states that it lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in Paragraph 17 of Plaintiff's Complaint and, therefore, denies all such allegations.

18. Papa John's denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

NewJersey 188740.1

19. Papa John's states that Paragraph 19 of Plaintiff's Complaint consists of legal conclusions to which no response is required. To the extent a response is required, Papa John's denies each and every allegation contained therein, except to refer to the statutory language referenced therein which speaks for itself.

20. Papa John's states that Paragraph 20 of Plaintiff's Complaint consists of legal conclusions to which no response is required. To the extent a response is required, Papa John's denies each and every allegation contained therein, except to refer to the statutory language referenced therein which speaks for itself.

## AS TO COUNT II
## "VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW"

21. Papa John's incorporates its answers to Paragraphs 1 through 20 of Plaintiff's Complaint as if fully set forth herein.

22. Papa John's states that Paragraph 22 of Plaintiff's Complaint consists of legal conclusions to which no response is required. To the extent a response is required, Papa John's denies each and every allegation contained therein, except to refer to the statutory language referenced therein which speaks for itself.

23. Papa John's states that Paragraph 23 of Plaintiff's Complaint consists of legal conclusions to which no response is required. To the extent a response is required, Papa John's denies each and every allegation contained therein.

## AS TO COUNT III
## "VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW"

24. Papa John's incorporates its answers to Paragraphs 1 through 23 of Plaintiff's Complaint as if fully set forth herein.

25. Papa John's states that Paragraph 25 of Plaintiff's Complaint consists of legal conclusions to which no response is required. To the extent a response is required, Papa John's denies each and every allegation contained therein, except to refer to the statutory language referenced therein which speaks for itself.

26. Papa John's states that Paragraph 26 of Plaintiff's Complaint consists of legal conclusions to which no response is required. To the extent a response is required, Papa John's denies each and every allegation contained therein.

27. Papa John's states that Paragraph 27 of Plaintiff's Complaint consists of legal conclusions to which no response is required. To the extent a response is required, Papa John's denies each and every allegation contained therein.

28. Papa John's states that Paragraph 28 of Plaintiff's Complaint consists of legal conclusions to which no response is required. To the extent a response is required, Papa John's denies each and every allegation contained therein.

## AS TO "ATTORNEY'S FEES AND COSTS"

29. Except to admit that Plaintiff is represented by counsel and that Plaintiff seeks an award of attorney's fees, Papa John's denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. Except to admit that Plaintiff seeks an award of damages pursuant to the N.Y. Exec. Law §297, Papa John's denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

## AS TO "DAMAGES"

31.     Except to acknowledge that Plaintiff seeks an award of compensatory damages in the amount $500.00, Papa John's denies the allegations contained in Paragraph 31 of the Complaint.

## AS TO "INJUNCTIVE RELIEF"

32.     Papa John's states that Paragraph 32 of Plaintiff's Complaint consists of legal conclusions to which no response is required. To the extent a response is required, Papa John's denies each and every allegation contained therein and that Plaintiff is entitled to the relief sought in the WHEREFORE clause and all subparts.

**WHEREFORE**, Defendant, Papa John's USA, Inc., denies that Plaintiff is entitled to monetary, declaratory, or injunctive relief or judgment in any sum whatsoever, and respectfully requests that the Court enter judgment in its favor with costs and reasonable attorneys' fees assessed against Plaintiff, as well as such other and further relief that this Court deems just and proper.

## SEPARATE AND AFFIRMATIVE DEFENSES

### FIRST SEPARATE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND SEPARATE DEFENSE

Plaintiff has not been denied the full and safe access to all of the benefits, accommodations, and services of the subject facility.

NewJersey 188740.1

**THIRD SEPARATE DEFENSE**

Plaintiff lacks standing to bring the causes of action asserted in the Complaint and, to the extent she has standing to bring this Complaint, Plaintiff lacks standing to challenge any alleged barriers not specifically identified and set forth in the Complaint and/or related to her gender and/or alleged "disability" or "handicap."

**FOURTH SEPARATE DEFENSE**

If Defendant Papa John's is responsible in any respect for any injuries or damages suffered by Plaintiff, which Papa John's expressly denies, such injuries or damages have been caused by or contributed to by others, and Papa John's proportional liability, if any, should be reduced to the extent thereof.

**FIFTH SEPARATE DEFENSE**

The accommodations requested by Plaintiff and/or removal of the alleged structural barriers to access of persons with disabilities are not readily achievable, nor are alternative methods readily achievable, easily accomplishable, technically feasible, would create safety hazards, and/or result in an undue burden on Papa John's and others.

**SIXTH SEPARATE DEFENSE**

Defendant Papa John's did not intentionally impede or impair access to Plaintiff and that to the extent any alleged discriminatory conduct occurred, which it did not, that such conduct was not intentional.

**SEVENTH SEPARATE DEFENSE**

Plaintiff's claims are barred to the extent that she is a vexatious litigant.

NewJersey 188740.1

**EIGHTH SEPARATE DEFENSE**

Injunctive relief must be denied to the extent that the allegations in the Complaint are moot.

**NINTH SEPARATE DEFENSE**

The physical items identified by Plaintiff are not architectural barriers to access, or prevent the enjoyment of the goods and services of the subject facility.

**TENTH SEPARATE DEFENSE**

Papa John's does not own, lease, or control the subject facility, in whole or in part, and thus is not a proper party to this action and/or other parties are necessary to this action and responsible for the claims alleged therein.

**ELEVENTH SEPARATE DEFENSE**

Plaintiff's Complaint and the allegations therein fail to set forth facts sufficient to constitute a claim for exemplary or punitive damages under federal, New York State, and/or New York City law.

**TWELFTH SEPARATE DEFENSE**

Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part by Plaintiff's failure to mitigate her damages.

**THIRTEENTH SEPARATE DEFENSE**

Plaintiff's alleged injuries and/or damages, if any, were caused by Plaintiff's own actions, omissions, or conduct.

**FOURTEENTH SEPARATE DEFENSE**

At no time material hereto Papa John's acted in a willful, wanton, reckless, and/or malicious manner.

**FIFTEENTH SEPARATE DEFENSE**

Papa John's reserves the right to modify and supplement its defenses and to plead additional defenses to Plaintiff's claims based upon such facts and circumstances as become known to it subsequent to the date hereof.

**CROSS CLAIMS**

Defendant, Papa John's USA, Inc. ("Papa John's"), by way of cross claim against the defendants to the Complaint says:

**COUNT I**
**CROSS CLAIM AGAINST JAM REALTY COMPANY, LLC**
**AND LLOYD FOOD, INC. FOR CONTRIBUTION**

1. Papa John's denies any liability to plaintiff on any alleged actions or claims which form the basis of the relief sought in the Complaint. Papa John's asserts that to the extent Plaintiff is able to prove any damages, those damages were actually and/or proximately caused by the actions or inactions of the co-defendants, specifically Jam Realty Company, LLC or Lloyd Food, Inc., or their agents or principals.

2. If Papa John's is found to be liable to any party with respect to the damages alleged by plaintiff, and plaintiff recovers judgment against Papa John's for the damages alleged in the amended complaint, then such liability resulted solely from secondary, imputed, vicarious, noncontributory, or passive conduct, and the conduct of the co-defendants who were the primary and contributing causes of any and all injuries, damages, and losses sustained by Plaintiff and Jam Realty Company, LLC and/or Lloyd Food, Inc. shall be liable to Papa John's for common

10

law and/or contractual contribution, in whole or in part, and any such damages are to be apportioned between Papa John's and Jam Realty Company, LLC or Lloyd Food, Inc. to the degree of responsibility that each is found to have.

### COUNT II
### CROSS CLAIM AGAINST LLOYD FOOD, INC. FOR INDEMNIFICATION

3. Papa John's repeats and realleges each and every response set forth in the foregoing paragraphs of this pleading as if set forth herein.

4. On or about November 13, 2007, Papa John's entered into a franchise agreement with Defendant Lloyd Food, Inc.

5. Contained in that agreement was an agreement by Defendant Lloyd Food, Inc. to indemnify Papa John's for any and all claims, damages, or injuries resulting from Lloyd Food, Inc.'s operation the Papa John's restaurant franchise.

6. The actions alleged by Plaintiff and the liability asserted by Plaintiff, if any and which Papa John's denies, against Papa John's arise out of Lloyd Food, Inc.'s operation of the franchise restaurant subject to the agreement.

7. Papa John's, while denying any liability whatsoever, asserts that pursuant to the terms of the agreement, Papa John's is entitled to full indemnity and to be held harmless by co-defendant Lloyd Food, Inc.

**WHEREFORE**, Defendant, Papa John's USA, Inc., denies that Plaintiff is entitled to monetary, declaratory, or injunctive relief or judgment in any sum whatsoever, and respectfully requests that  the Court (1) enter judgment in its favor with costs and reasonable attorneys' fees assessed against Plaintiff, as well as such other and further relief that this Court deems just and proper, (2) enter judgment in its favor with costs and reasonable attorneys' fees assessed against

11

co-defendants Jam Realty Company, LLC and/or Lloyd Food, Inc. on its cross claims, and enter judgment for any such other and further relief that this Court deems just and proper.

        By:   s/ Jason A. Storipan
            Jason A. Storipan, Esq.
            **FISHER & PHILLIPS LLP**
            430 Mountain Avenue
            Murray Hill, NJ  07974
            Phone:  (908) 516-1050
            Fax:  (908) 516-1051
            Attorneys for Defendant
            Papa John's USA, Inc.

            Kathleen M. Caminiti, Esq.
            **FISHER & PHILLIPS LLP**
            430 Mountain Avenue
            Murray Hill, NJ  07974
            Phone:  (908) 516-1050
            Fax:  (908) 516-1051
            Attorneys for Defendant
            Papa John's USA, Inc.

Dated:  July 20, 2012

## CERTIFICATE OF SERVICE

1.    I hereby certify that the Answer and Separate and Affirmative Defenses of Papa John's USA, Inc. was filed electronically on this date. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

2.    Pursuant to 28 U.S.C. §1746, I certify under penalty of perjury that the foregoing is true and correct.

By:   s/ Jason A. Storipan
Jason A. Storipan, Esq.
**FISHER & PHILLIPS LLP**
430 Mountain Avenue
Murray Hill, NJ 07974
Phone: (908) 516-1050
Fax: (908) 516-1051
Attorneys for Defendant

Dated: July 20, 2012

NewJersey 188740.1